Nott, J.,
dissenting:
The contract here authorized the defendants’ shipping-officers to malee a requisition on the carrier for a wagon-train to carry whatever freight they chose to send. The defendants now, in effect, contend that they had a right to load such a train with molasses and vinegar in barrels, which the carrier had no right to inspect or object to, to be carried a distance of 100 miles, and that if, without fault of the carrier, and through defects in the defendants’ barrels, the whole of the molasses and vinegar should leak away and be lost on the road, the carrier should lose his freight-earnings, and stand in the plight of having sent a train in his own wrong.
I am unable in this case to perceive-any distinction between the Government and an ordinary shipper of freight. The contract here does precisely what the law does in the case of an implied contract, and nothing more; it throws the loss of goods in transitu on the carrier if he were in fault, and leaves him free from responsibility if he were not in fault. The provisions of the contract concerning boards of survey and payment do not affect the question now in dispute. They provided for the ascertainment of two facts: first, as to the quantity of freight lost; second, as to whether the loss was with or without fault on the part of the carrier. Upon those questions the findings of the boards of survey were conclusive upon the parties and are conclusive upon the court. But when the boards of survey had found in favor of the carrier, the contract did not make the quartermaster a final arbitrator to determine all remaining mat *166 ters of construction; but, on tbe contrary, left tlie construction where ordinary contracts leave it, to the judgment of a court.
The contract being silent as to the freight-earnings in the case of leakages in transitu without fault on the part of the carrier, it is to be determined by the general rule of law in such cases. That rule it is unnecessary to discuss, as it has been laid down by the Supreme Court in an almost precisely similar case. I perceive, indeed, no difference whatever between this and the case of Nelson v. Woodruff (1 Black, 156), and there the Supreme Court held that the carrier should recover his freight-earnings on the goods lost as well as on the goods delivered.
Upon the other points in this case, viz, that the quartermaster was an arbitrator to determine the distance and that the defendants’ services in carrying a part of the contractor’s freight were voluntary, I agree with the opinion of the court.